## TAULBY v. THE STATE.

PRACTICE.—*Affidavit for New Trial.—Bill of Exceptions.*—An affidavit show-
ing cause for a new trial is no part of the record unless made so by bill of
exceptions.

APPEAL from the Boone Circuit Court.

PETTIT, J.—Indictment for grand larceny. After three
continuances, the defendant giving recognizances for his
appearance, the cause was brought to trial; and, after the
evidence, argument of counsel, and charge of the judge were
given, the jury retired to consult of their verdict; and, while
out, the defendant left and disappeared. On the return of
the jury into court with their verdict, the defendant and his
bail were properly called and refused and neglected to
answer. The verdict was received, but judgment was sus-
pended till the defendant could be re-arrested, which was
done, after a delay of two terms. On the re-arrest and
return of the defendant, he moved the court for a new trial;
and the only question presented or urged is, that the court
erred in refusing a new trial on account of newly-discovered
evidence.

An affidavit for a new trial is not a part of a record in a
civil or criminal case, unless made so by bill of exceptions.
No bill of exceptions in this case shows that any affidavit of
the defendant, or any other person, was filed as to newly-dis-
covered evidence.

We have read the whole record in this case, and we have
some doubts as to the appellant's guilt; but if legal ques-
tions are not put or presented to us so that we can consider
them, the consequences of such a failure must fall on the party
who is negligent.

The judgment is affirmed, at the costs of the appellant.

*L. Wallace*, for appellant.

*B. W. Hanna*, Attorney General, and *R. B. F. Peirce*, for
the State.