E. Ball and Co. *v.* Kronkwright *et al.*

———————•———————

E. BALL AND COMPANY *v.* KRONKWRIGHT ET AL.

PRACTICE.—*Supreme Court.*—The Supreme Court cannot weigh the evidence, and decide in accordance with what they may regard as the weight of it.

E. Ball and Co. *v.* Kronkwright *et al.*

SAME.—A motion for a new trial, on the ground of the improper admission of evidence, must specify the evidence claimed to have been so admitted.

From the Lake Common Pleas.

*M. Wood, T. J. Wood,* and *H. D. Pierce,* for appellant.

*E. C. Field* and *J. Barnard,* for appellees.

DOWNEY, C. J.—The appellant, alleged to be a corporation, sued the appellees on a promissory note for two hundred and twenty-five dollars. The defendants answered, setting up in the first and third paragraphs, that the note was executed for part of the price of a threshing machine, alleging a written warranty of the machine and a breach thereof in defence of the action. They also pleaded, in a second paragraph, a set-off for the sum of seventy-five dollars. Demurrers to the several paragraphs of the answer were filed by the plaintiff and overruled by the court. Reply, first, the general denial; and, second, to the second and third paragraphs of the answer, that the machine was sold by one Foster, the agent of plaintiffs, on or about August 2d, 1869; that the defendants had run the same steadily ever since, and made no complaint to the agent or to the plaintiffs, except at one time about a year ago, when they complained to said Foster that something was out of order about the machine, and the agent repaired the same to their satisfaction, the repairs costing twenty-five dollars, which had been fully paid; that since that time the agent had heard no complaint made concerning the machine.

Upon these issues, there was a trial by jury and a verdict for the defendants. The plaintiff moved for a new trial, which was denied, and there was an exception. The court then rendered final judgment for the defendants.

The errors assigned are the overruling of the demurrer to the answer, and refusing to grant a new trial.

Counsel for the appellant do not attempt to point out any objection to the paragraphs of the answer. We see no valid objection to them. The warranty is alleged in the first and third paragraphs, and the breach of it. In the first para-

graph, it is alleged that the machine was of no value, and, in the third, that the damage on account of the breach of the warranty was five hundred dollars. The second paragraph claims a set-off, and we think it is sufficient.

The reasons for a new trial are as follows :

1. The verdict is contrary to law.

2. It is contrary to the evidence.

3. It is contrary to the weight of the evidence.

4. The court admitted improper testimony to be given to the jury in the cause by the defendants.

5. The damages found by the jury are excessive.

6. Newly-discovered evidence.

The first three reasons for a new trial must be decided against the appellant. We cannot weigh the evidence and decide in accordance with what we regard as the weight of it. That is the duty of the jury. Whether they have mistaken in deciding the question as to the mere weight of the evidence, is not the question here. There is evidence upon which they might well have decided as they did. The fourth reason did not specify the evidence which it is supposed the court improperly admitted. This should have been done in order to present any question.

The fifth reason complains of excessive damages. No damages were found by the jury. They simply rendered a verdict for the defendants.

The affidavit of newly-discovered evidence is not made part of the record by bill of exceptions, and we cannot properly know what it contained. *Taulby* v. *The State*, 38 Ind. 437.

The judgment is affirmed, with costs.